# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| GEORGE STEPHEN OWEN, | § | |
| | § | |
| V. | § | A-08-CA-842-LY |
| | § | |
| NATHANIEL QUARTERMAN | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Petitioner's memorandum in support thereof (Document 2); Respondent's Answer (Document 9); and Petitioner's response thereto (Document 10).  Petitioner, proceeding pro se, has paid the filing fee for his application.  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

### A.     Petitioner's Criminal History

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 26th Judicial District Court of Williamson County, Texas, in cause number 05-381-K26, styled The State of Texas v. George Stephen Owen.  Petitioner was charged with the possession of certain chemicals with intent to manufacture a controlled substance, to wit methamphetamine, enhanced with two prior felony convictions, to which he pleaded "not guilty."

After a jury trial, Petitioner was found guilty as alleged in the indictment. Petitioner pleaded "not true" to the enhancement paragraphs. On November 10, 2005, the court assessed punishment at 40 years in prison.

Petitioner's conviction was affirmed on June 27, 2007. Owen v. State, No. 03-05-00751-CR, 2007 WL 1853296 (Tex. App. – Austin 2007, no pet.). Petitioner did not file a petition for discretionary review. He did, however, challenge his conviction in a state application for habeas corpus relief. Ex parte Owen, No. 68,665-02 at 2-43. On June 18, 2008, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. Id. at cover.

**B.      Factual Background**

The factual background of this case is summarized, in part by the State's brief on direct appeal. See Brief for the State, at 3-5.

During the late evening hours of February 3, 2005, Round Rock police were alerted to narcotics activity at the Super 8 Motel in Round Rock. 6 RR 49-50. After conducting a preliminary investigation, police obtained a search warrant for a particular motel room and served it during the early morning hours of February 4, 2005. 6 RR 51-53. When police entered the motel room, they observed Petitioner and five other persons inside the room. 6 RR 56-57, 86. Police recovered a backpack from the room. 6 RR 70. Officer Jeff Spencer testified that Petitioner admitted that the backpack was his. 6 RR 71.

Inside the backpack were syringes, a metal spoon, cigarette lighters, a spiral notebook, an eyeglasses case, a knife, and a plastic bag containing approximately 120 white tablets. 6 RR 76, 80-81, 88-89; 8 RR State's Ex. 7-10, 16, 20-21. Police also recovered a butane canister and a mini-

torch inside the motel room.  6 RR 92.  Syringes, lighters, butane, and torches are commonly associated with the manufacture and use of methamphetamine.  6 RR 62, 65, 74, 90, 92.

Police recovered several pieces of paper containing instructions for making methamphetamine and listing various ingredients and materials necessary to the production of methamphetamine from the purse of Erica Payne, a person with whom Petitioner was romantically involved on February 4, 2005.  6 RR 30, 33-35, 95, 102-03; 8 RR State's Ex. 14-15, 17.

The white tablets recovered from Petitioner's backpack were tested by a DPS chemist and determined to contain pseudoephedrine, an immediate chemical precursor to methamphetamine.  6 RR 18, 23-26, 28.  The total weight of the tablets was 16.98 grams, an amount consistent with the intent to use the tablets to manufacture methamphetamine.  6 RR 25-26.  The tablets contained in State's Exhibit No. 16 would have yielded about 5 grams of methamphetamine.  6 RR 28.

The officer who recovered the backpack testified that the backpack contained several double lightning bolt or "SS" markings.  6 RR 70.  The lightning bolt or "SS" symbol was also printed on the spiral notebook recovered from the backpack.  6 RR 21; 8 RR State's Ex. 20.  The name "Bubba" was also printed on the notebook.  6 RR 75.  The same double lightning bolt or "SS" markings on the backpack and the notebook also appeared on the eyeglasses case and on the knife each recovered from the backpack.  6 RR 77, 91, respectively.

The State offered a photograph of Petitioner on the date of his arrest.  6 RR 77; 8 RR State's Ex. 2.  The photograph depicted Petitioner with a "skinhead" type haircut and wearing a t-shirt depicting a skull with a missing eye socket surrounded by flames.  8 RR State's Ex. 2.  The State offered photographs depicting Petitioner's tattoos as State's Exhibit Nos. 12 and 13.  6 RR 77.  State's Exhibit No. 12 depicted Petitioner's upper back and displayed a double lightening bolt or

"SS" tattoo and the name "Owen," along with a tattooed image of a cow skull. 8 RR State's Ex. 12.

State's Exhibit No. 13 depicted Petitioner's right arm and displayed the name "Bubba" along with

tattoos in the form of various scary-looking human faces. 8 RR State's Ex. 13.

**C.  Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.  Petitioner was denied effective assistance of counsel on appeal when appellate counsel:

    a.  refused to present non-frivolous errors requested by him;

    b.  presented frivolous points of error;

    c.  misrepresented the record in her affidavit; and

    d.  refused to confer with him at any time;

2.  Petitioner was denied effective assistance of counsel when his trial attorney:

    a.  failed to investigate, gather, and/or present any evidence at trial;

    b.  failed to obtain and use witness testimony that would have directly challenged the State's allegations;

    c.  failed to challenge the State's chain of evidence, namely, the over-the-counter purchased cold medication;

    d.  made serious misrepresentations of the facts of the case in his affidavit; and

    e.  failed to subject the State's case to meaningful adversarial testing; and

3.  The evidence was insufficient to support his conviction.

**D.  Exhaustion of State Court Remedies**

Respondent argues Petitioner has not exhausted his state court remedies with respect to

claims 1(c), 1(d), 2(c), 2(d), 2(e), and 3,and contends Petitioner's claims are procedurally barred.

With respect to Petitioner's claims 1(c) and 2(d) that appellate counsel and trial counsel made misrepresentations in their affidavits filed in response to Petitioner's state application for habeas corpus relief the Court finds these are not actually separate claims of ineffective assistance of counsel. Rather, Petitioner is simply challenging the veracity of counsels' affidavits.

With respect to Petitioner's claim that trial counsel was ineffective for failing to challenge the chain of evidence with regard to the over-the-counter cold medication the Court is of the opinion Petitioner is simply attempting to raise his claim that counsel failed to argue that the State tampered with the evidence. Accordingly, the Court is of the opinion Petitioner has sufficiently exhausted his state court remedies with respect to claim 2(c).

E.      **Request for Evidentiary Hearing**

Petitioner asserts that his application for habeas relief raises factual questions, which have not been addressed by the state courts and that the state has failed to provide Petitioner with a full and fair hearing concerning his application. Petitioner concludes that he is entitled to an evidentiary hearing to resolve the factual questions left unresolved by the state courts.

## DISCUSSION AND ANALYSIS

A.      **The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court

_____

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.      Unexhausted Claims**

Petitioner has not exhausted his claims that appellate counsel failed to confer with him at any time and trial counsel failed to subject the State's case to meaningful adversarial testing. Petitioner did not present these claims in his state application for habeas corpus relief. Petitioner's unexhausted claims are procedurally barred. A subsequent state application for habeas corpus on Petitioner's unexhausted issues would be futile as it would be dismissed pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 as an abuse of the writ. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991). In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief. Harris v. Reed, 489 U.S. 255, 262, 109 S. Ct. 1038, 1043 (1989). Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. Coleman, 501 U.S. at 735, 111 S. Ct. at 2557. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. Id. at n.1. However, a petitioner can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to address the merits of the federal claim would result in a

miscarriage of justice. <u>Moore v. Roberts</u>, 83 F.3d 699, 702 (5th Cir. 1996), citing <u>Coleman</u>, 501 U.S. at 750, 111 S. Ct. 2565, <u>cert</u>. <u>denied</u>, 519 U.S. 1093, 117 S. Ct. 773 (1997).

Petitioner has failed to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of the federal claims would result in a miscarriage of justice. Therefore, Petitioner is barred from raising his unexhausted claims.

**C.      Insufficiency of the Evidence Claim**

Petitioner argues the evidence is insufficient to support his conviction. Petitioner presented an insufficiency of the evidence claim in his state application for habeas corpus relief. Although the Court of Criminal Appeals stated no reasons when it denied habeas relief, that court has long held that the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. <u>West v. Johnson</u>, 92 F.3d 1385, 1389 n. 18 (5th Cir.1996), <u>cert. denied</u>, 520 U.S. 1242, 117 S. Ct. 1847 (1997); <u>Ex parte McLain</u>, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Indeed, the Court of Criminal Appeals recently reaffirmed that where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable. <u>Ex parte Grigsby</u>, 137 S.W.3d 673, 674 (Tex. Crim. App.2004). Thus, this procedural default in the state courts procedurally bars this Court from addressing the merits of Petitioner's sufficiency claim. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 801-07, 111 S. Ct. 2590 (1991).

Additionally, the Court notes the basis of Petitioner's insufficiency of the evidence claim raised in his federal application for habeas corpus relief is different than what he raised in his state application. In his state application for habeas corpus relief Petitioner argues the State used altered

evidence to prove his guilt. Petitioner contended the evidence had been altered because the 120 Sudafed tablets had been removed from their packaging and placed in a plastic bag. Petitioner also erroneously argued 300 tablets were required to find him guilty. In his federal application for habeas corpus relief Petitioner argues he had no knowledge or control over the illegal items found in the hotel room and he was not responsible for the premises in which the illegal items were found. He further argues the State had no evidence of intent to manufacture a controlled substance. Therefore, even if Petitioner's claim had been cognizable on state habeas review, he did not exhaust his state court remedies with regard to the claim, because he presented a different claim in his federal application.

## D.      Ineffective Assistance of Trial Counsel

Petitioner argues trial counsel was ineffective because he failed to investigate, gather, and/or present any evidence at trial, failed to obtain and use witness testimony that would have directly challenged the State's allegations, and failed to challenge the State's chain of evidence, namely, the over-the-counter purchased cold medication. Petitioner raised these same issues in his state application for habeas corpus relief. The state courts rejected the merits of Petitioner's claim. As such, the AEDPA limits the scope of this Court's review to determining whether the adjudication of Petitioner's claim by the state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Ineffective assistance of counsel claims are analyzed under the well-settled standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984):

9

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant can make both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064. In deciding whether counsel's performance was deficient, the Court applies a standard of objective reasonableness, keeping in mind that judicial scrutiny of counsel's performance must be highly deferential. Id. at 686-689, 104 S. Ct. 2064-65. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689, 104 S. Ct. at 2065. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (Citation omitted). Ultimately, the focus of inquiry must be on the fundamental fairness of the proceedings whose result is being challenged. Id. at 695-97, 104 S. Ct. at 2069. Accordingly, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 687, 104 S. Ct. at 2064.

1.    Failure to Investigate

Petitioner summarily states his trial counsel failed to independently investigate, gather and

present evidence on his behalf.  On state habeas review the trial court found:

5.    [Trial counsel] Lauerman met with Phil Grant, the attorney representing the State in applicant's case.  Grant went over the basic factual allegations in applicant's case with Lauerman.

6.    Grant told Lauerman that, on February 4, 2005, officers with the Round Rock Police Department executed a search warrant at room 120 at the Super 8 Motel in Round Rock.

7.    Grant told Lauerman that applicant, his girlfriend Erica Payne, and four other individuals were present inside the motel room when the police searched it.  Grant told Lauerman that police recovered from the motel room a black backpack with "SS" or "double lightning bolts" inscribed on it.

8.    Grant told Lauerman that, inside the backpack, police located lighters, a metal spoon, and syringes, all items commonly associated with the manufacture and/or use of methamphetamine.

9.    Grant told Lauerman that police also found inside the backpack a plastic baggie containing 120 white tablets that were identified as pseudoephedrine, a chemical precursor to methamphetamine.

10.   Grant told Lauerman that police also recovered a purse or bag which Payne claimed as hers.  Grant told Lauerman that, inside the purse, police recovered a journal which contained instructions for making methamphetamine and a list of ingredients necessary to make methamphetamine.

11.   Grant told Lauerman that police arrested both applicant and Payne at the scene. Grant told Lauerman that, during the booking process at the jail, police recovered a small baggie containing methamphetamine that fell out of applicant's boot.

12.   Grant told Lauerman that police recovered additional syringes and marihuana from the motel room.  Grant told Lauerman that applicant had been to prison and was a member of the Aryan Circle, a prison gang.

13.   Grant gave Lauerman copes [sic] of the criminal complaint, search warrant, indictment, and laboratory report related to applicant's case.  Lauerman reviewed the complaint and indictment with applicant.

14.     The laboratory report showed that the white powder substance that fell from applicant's boot was methamphetamine. The laboratory report also stated that the tablets recovered from the backpack contained pseudoephedrine.

15.     Grant conveyed the following plea offer to Lauerman: a punishment recommendation of 20 years in prison for exchange for pleas of guilty by applicant to counts one and two. Lauerman conveyed the plea offer to applicant. Applicant rejected the offer.

16.     Lauerman filed the following pretrial motions on applicant's behalf: motion for discovery, motion for discovery of exculpatory and mitigating evidence, motion for list of State witnesses, motion to suppress, and motion to quash and exception to substance of indictment.

17.     At a pretrial hearing, Lauerman abandoned the motion to quash the indictment after the State made clear it was not proceeding under Texas Health & Safety Code § 481.124(b)(3), the subsection authorizing a presumption for intent to manufacture methamphetamine if certain facts are shown. (RR.II-3). The State did not proceed under subsection (b)(3).

Ex parte Owen, Appl. No. 68,665-02 at 56-57. The state habeas court concluded trial counsel was not deficient. Id. at 62. Alternatively, the state habeas court concluded Petitioner failed to demonstrate prejudice. Id. at 63.

Petitioner's claim that counsel was ineffective for failing to perform an investigation into the case is without merit. An attorney's failure to investigate the case against the defendant and to interview witnesses can support a finding of ineffective assistance. Bryant v. Scott, 28 F.3d 1411, 1435 (5th Cir. 1994). However, in order to establish that counsel was rendered ineffective by virtue of a failure to investigate the case against a defendant or to discover and present evidence, a convicted defendant must do more than merely allege a failure to investigate; he must state with specificity what the investigation would have revealed, what evidence would have resulted from that investigation, and how such would have altered the outcome of the case. See Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994); Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993); United

States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989); Lockhart v. McCotter, 782 F.2d 1275, 1282-83 (5th Cir. 1986), cert. denied, 479 U.S. 1030, 107 S. Ct. 1360 (1987).

Petitioner failed to offer any specific facts supporting his contention that his counsel failed to investigate his case. Instead, he argues counsel misrepresented the facts in his affidavit provided to the state habeas court. In particular, Petitioner argues he was never in possession of items commonly associated with the manufacture of drugs. Petitioner also argues he did not have a bag of methamphetamine fall out of his boot during booking. Petitioner contends the bag fell from someone else being booked into the police station.

Contrary to Petitioner's argument, the record clearly reflects Petitioner was in possession of items commonly associated with manufacturing drugs, i.e. 16.98 grams of pseudoephedrine (6 RR 27), several lighters (6 RR 65, 89), and a canister of butane fuel (6 RR 92). In the room there was also a butane tank and torch kit (6 RR 92).

Morever, there was no allegation made at trial regarding a bag of methamphetamine falling from a boot. Counsel's affidavit merely reflects what he had been told by the prosecutor. Counsel is not deficient for simply being told by the prosecutor of incorrect information. In addition, Petitioner has not shown how he was prejudiced thereby. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

2.      Uncalled Witnesses

Petitioner also complains his trial counsel failed to use witness testimony that would have directly challenged the State's allegations. He provides the Court with the affidavit of Erica Payne, who attests that she would have testified at Petitioner's trial and would have stated that Petitioner

never possessed any items whatsoever that had anything to do with drug manufacture other than the alleged legally purchased cold medications. Payne contends the other items found in Petitioner's backpack are consistent with drug use, not manufacture. The Court notes Petitioner did not present Payne's affidavit to the state court.

"Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." Sayre v. Anderson, 238 F.3d 631, 635-36 (5th Cir. 2001) (quoting Lockhart v. McCotter, 782 F.2d 1275, 1282 (5th Cir. 1986)). Allegations that counsel failed to investigate and develop useful evidence are not sufficient to warrant a hearing or relief absent an "affirmative showing of what the missing evidence or testimony would have been" and an explanation "why it would have been likely to make any difference in his trial or sentencing." Anderson v. Collins, 18 F.3d 1208, 1220 (5th Cir. 1994). "A prisoner's bald conclusory assertion that supposed . . . witnesses were not called does not serve to 'overcome the strong presumption that his counsel's actions were reasonable.'" Sayre, 238 F.3d at 635 (quoting Marler v. Blackburn, 777 F.2d 1007, 1010 (5th Cir. 1985)).

The only witness identified by Petitioner is Payne. However, Payne's assessment of the evidence used against Petitioner is incorrect. Additionally, as noted by counsel on state habeas review Payne had been charged with the offense of possession of methamphetamine based on the recovery of methamphetamine from her purse during the search of the motel room. Ex parte Owen, Appl. No. 68,665-02 at 58. Lauerman informed the state court that he did not call Payne as a witness because he had spoken with Payne's counsel prior to Petitioner's trial, and Payne's counsel informed Lauerman that Payne would refuse to answer any questions about the incident pursuant to her Fifth Amendment right against self-incrimination. Id. Additionally, counsel asserted that he feared if he

called Payne or one of the other occupants of the motel room to testify, they might mention one or more of the items that had been suppressed prior to trial.  Id.

The state habeas court concluded that counsel was not deficient in failing to call Payne to testify at Petitioner's trial.  Id. at 62.  Alternatively, the court found Petitioner had not demonstrated prejudice.  Id. at 63.  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

       3.      Chain of Evidence

Petitioner's claim on this point is not entirely clear.  He appears to argue that the State removed the Sudafed tablets from their original packaging, and his counsel failed to object.

On state habeas review the court found that trial counsel reviewed the physical evidence seized by the Round Rock Police Department in connection with Petitioner's arrest.  Ex parte Owen, Appl. No. 68,665-02 at 58.  The court noted the evidence included the syringes, methamphetamine, pseudoephedrine tablets, backpack, and other items seized from the hotel room.  Id.  The trial court found, based upon counsel's examination of the evidence, trial counsel never developed any suspicion that the police tampered with the evidence in any way.  Id.  The trial court further found that trial counsel did not come across any information during his discussions with the state prosecutor or Petitioner that caused him to believe or suspect that the evidence had been tampered with.  Id.  The trial court concluded that counsel was not deficient in failing to investigate and present evidence that the police tampered with the pseudoephedrine pills seized from the backpack.  Id. at 62.  The trial court further concluded that removing the pills from their packaging and placing them in a plastic bag did not constitute tampering with the evidence.  Id.

The testimony at trial indicates the 120 pills were found in a plastic bag in an eyeglasses case in Petitioner's backpack. 6 RR 76, 81. Petitioner has presented the Court with no evidence that the pills were found in their original packaging or that someone tampered with the pills. Moreover, as explained by the state court, removing the original packaging would not result in the tampering of the evidence. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Counsel is not ineffective in failing to raise futile or meritless objections. Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990). Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

**E.      Ineffective Assistance of Appellate Counsel**

Petitioner argues he also received ineffective assistance on appeal in that the errors raised by counsel were frivolous. Petitioner further argues he received ineffective assistance of counsel on appeal in that counsel failed to present non-frivolous errors requested by him. Petitioner suggests counsel should have challenged the sufficiency of the evidence and the constitutionality of Texas Health and Safety Code § 481.124.

In his state habeas application Petitioner directly challenged the constitutionality of Texas Health and Safety Code § 481.124. He did not raise the issue that appellate counsel was ineffective for failing to challenge the constitutionality of the statute. Because Respondent does not argue that Petitioner failed to exhaust his state court remedies with respect to this claim, the Court will address the merits of the claim.

Appellate counsel provided the state court with her affidavit. The state habeas court found appellate counsel's affidavit to be reliable and credible. In particular, the state court found:

32.    During her representation of applicant, Cummings received a number of letters from him concerning the substance of his appeal. In the letters, applicant suggested to Cummings that she challenge the validity of the indictment, the sufficiency of the evidence at trial showing his intent to manufacture methamphetamine, the admission of the papers recovered from Payne's purse, and the testimony of State witness tying the markings on applicant's backpack to white supremacy organizations. Applicant also requested, in the letter, that Cummings raise a claim of ineffective assistance of counsel by Lauerman, his trial attorney.

33.    Cummings read the reporter's record closely. She took detailed notes from the record. She researched issues that she believed were arguably raised by the record. Ultimately, Cummings raised two issues in the brief that she filed on applicant's behalf. First, Cummings argued that the trial court erred in admitting irrelevant evidence regarding applicant's tattoos at the guilt phase of trial. Second, she argued that the trial court erred in denying applicant's motion for mistrial after a State witness testified that the markings on the backpack were related to the Aryan Brotherhood prison gang. Cummings raised only those two issues because she believed those were the only issues arguably supported by the law and the record in applicant's case.

34.    Cummings did not challenge the validity of the indictment. Cummings discovered from reading the record that, although Lauerman had filed a motion to quash the indictment, he had later waived the motion to quash and had not otherwise preserved any issue related to the validity of the indictment for review on appeal. Additionally, Cummings reviewed the indictment and determined that it was not defective.

35.    Cummings did not challenge the sufficiency of the evidence showing applicant's intent to manufacture methamphetamine. After she thoroughly reviewed the evidence offered by the State at trial in support of the element of intent to manufacture, Cummings concluded that she could not raise a viable claim of either legal or factual insufficiency of the evidence as to that element. Cummings believed that the recovery of the pieces of paper containing instructions for making methamphetamine and listing various ingredients and materials necessary to the production of methamphetamine from Payne's purse and the recovery of a large number of items commonly associated with the manufacture and use of methamphetamine from the motel room occupied by applicant definitively established the element of intent to manufacture a controlled substance.

36.     Cummings inferred from applicant's correspondence, addressing the issue of the sufficiency of the evidence showing his intent to manufacture methamphetamine that applicant mistakenly believed that the State was required to prove one or more of the factors listed in subsection (b)(3) of section 481.124 of the Health & Safety Code to establish his intent to manufacture a controlled substance. Cummings wrote applicant a letter explaining to him that the language in that subsection only created a statutory presumption and that it did not list essential items of proof necessary to establish the element of intent to manufacture. Therefore, Cummings explained to applicant, the State was not required to prove that he possessed at least 300 tablets of pseudoephedrine.

37.     Cummings did not raise, as an issue in her brief on appeal, the trial court's admission of the paper recovered from Payne's purse. Cummings did not believe that the argument that the papers were improper evidence of an extraneous offense presented a meritorious legal issue. Nor did Cummings believe that the argument that the papers should not have been admitted because they were not sufficiently linked to applicant was a meritorious legal issue.

38.     Cummings did not raise the issue of ineffective assistance of applicant's trial counsel in her brief on appeal. From her review of the record, Cummings did not believe that Lauerman rendered ineffective assistance under the Sixth Amendment. Cummings also knew from experience that establishing a claim of ineffective assistance on direct appeal is extremely difficult given the challenge of presenting a sufficient record to enable the court of appeals to adequately review trial counsel's actions. Cummings believed that the post-conviction writ process outlined in article 11.07 of the Code of Criminal Procedure would provide a better forum for a claim of ineffective assistance.

Ex parte Owen, Appl. No. 68,665-02 at 59-61.

The state habeas court concluded Cummings was not deficient in her representation of

Petitioner on appeal. Id. at 63. Specifically, the state habeas court concluded that:

19.     Cummings was not deficient in failing to raise additional issues in her brief on appeal. Lauerman failed to preserve his motion to quash the indictment. It would have been impracticable for Cummings to raise a claim that Lauerman was ineffective at trial on direct appeal. The issue regarding the admissibility of the piece of paper recovered from Payne's purse was not a meritorious legal issue. Applicant's claim that the evidence was insufficient to prove his intent to manufacture methamphetamine, based on the amount of pills recovered, was not a meritorious claim. Cummings did raise in her brief one of the issues applicant suggested, namely the issue concerning the

18

> testimony by the State witness tying applicant's tattoos to the Aryan
> Brotherhood.

Id. Alternatively, the state habeas court concluded Petitioner failed to demonstrate prejudice. Id.

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right. Hughes v. Booker, 203 F.3d 894, 896 (5th Cir. 2000) (citing Evitts v. Lucey, 469 U.S. 387, 293-95, 105 S. Ct. 830, 834 (1985)). Where a petitioner argues that counsel failed to assert or fully brief a particular claim, he must show that his attorney's performance was both deficient and prejudicial. Id. (citing Penson v. Ohio, 488 U.S. at 84, 109 S. Ct. at 352-54 (citing Strickland v. Washington, 466 U.S. 668, 689-94, 104 S. Ct. 2052, 2065-67 (1984))). Appellate counsel is not ineffective because she failed to raise the issues presented by the defendant or because she failed to raise every possible point on appeal. Sharp v. Puckett, 930 F.2d 450, 452 (5th Cir. 1991).

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Petitioner has not shown that counsel provided deficient performance simply because his claims failed on appeal. In addition, the issue of whether § 481.124 of the Texas Health and Safety Code was unconstitutional as applied to Petitioner was not raised or preserved at trial. With regard to a facial challenge Texas state courts have already held that Texas Health and Safety Code § 481.124 is not unconstitutionally vague. Shaffer v. State, 184 S.W.3d 353, 363-65 (Tex. App. – Fort Worth 2006, pet. ref'd). Counsel is not ineffective for failing to raise a frivolous issue on appeal.

Counsel was also not ineffective for failing to challenge the sufficiency of the evidence. Petitioner was found guilty of possession or transport of certain chemicals with intent to manufacture

a controlled substance, namely methamphetamine pursuant to Section 481.124(d)(1) of the Texas Health and Safety Code. A person commits an offense if, with intent to unlawfully manufacture a controlled substance, the person possesses or transports an immediate precursor. TEX. HEALTH & SAFETY CODE Ann. § 481.124(d)(1) (West 2004). A person acts with intent with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. TEX. PENAL CODE Ann. § 6.03(a) (West 2004). Intent can be inferred from the acts, words, and conduct of the accused. Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982).

As mentioned above, Petitioner was in possession of 120 Sudafed tablets, lighters, and a butane cannister. The State called Joel Budge, a supervisor of the DPS Drug Analysis Section in the Crime Lab in Austin, to testify at trial. 6 RR 18. Budge indicated he had been in the field of examining substances to determine whether they are controlled substances for approximately 24 years. 6 RR 20. Budge testified that the pseudoephedrine in the tablets found in Petitioner's possession was an immediate precursor to methamphetamine. 6 RR 28. Budge estimated 5 grams of methamphetamine could be manufactured with the amount of pseudoephedrine in Petitioner's possession. 6 RR 28.

In addition, the record reflects instructions for manufacturing methamphetamine and a list of ingredients for the manufacture were discovered in Petitioner's girlfriend's purse located in the motel room in which Petitioner was found. 6 RR 30, 33-35, 95, 102-013; 8 RR State's Ex. 14-15. Petitioner denies the papers found in Payne's purse were instructions for making methamphetamine. He claims only a grocery list of items to be purchased was found. At trial, Budge described one of the papers as "the procedure that you would use to extract the pseudoephedrine from the tablets to get rid of the binders." 6 RR 30. In his opinion the only reason someone would follow the

instructions would be to manufacture methamphetamine.  6 RR 30.  The "recipe" was admitted into

evidence and states:

> 3 reg & 3 x strgth
> sudaphedrine
> Disolve in Distilled
> H20
> Sulpheric Acid ➡
> in clay pot/Add
> sulpheric mixture
> (All in X Large
> Bowl)
> Bike spokes
> in Bowls
> (in a dark Place
> for 2 wks?
> (make sure it doesnt
> run out of water
> completely)
> Remove crystals into
> Pyrex pan w/ dry
> ice ➡ crystalizes

8 RR State's Ex. 14.  The "grocery list" included:

> * 2 Gal Milk
> 5 gal Distilled H2O
>         (liquidfine)
> Sulpheric Acid
>         (Hardware Store)
> Clay Pots (5 md.)
> Bike Spokes (or something
>         (simular)
> 3 Box Reg. Sudafedrine
> 3 Box xstrength
>         Sudaphedrine
> Dry Ice

8 RR State's Ex. 15.

The state habeas court concluded that the evidence at trial was sufficient to show that Petitioner possessed pseudoephedrine with the intent to manufacture a controlled substance, namely methamphetamine. <u>Ex parte Owen</u>, Appl. No. 68,665-02 at 61. The standard for testing the sufficiency of evidence in a federal habeas review of a state court conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. <u>United States v. Leahy</u>, 82 F.3d 624, 633 (5th Cir. 1996).

There is no doubt that the evidence in Petitioner's case was sufficient to prove his intent to manufacture methamphetamine. The State was not required to prove that Petitioner possessed at least 300 tablets, as the State did not rely on the presumption of intent under § 481.124(b)(3) of the Texas Health and Safety Code. Accordingly, Petitioner's counsel was not ineffective for failing to challenge the sufficiency of the evidence on appeal. In addition, Petitioner has not shown that he was prejudiced by counsel's failure to raise such claim. Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

## F.    Evidentiary Hearing

Petitioner repeatedly requests an evidentiary hearing in this case. Section 2254(e)(2) provides:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–

    (A) the claim relies on--

        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has failed to plead allegations that would entitle him to a hearing. The record is clear that Petitioner was provided constitutionally sufficient assistance of counsel. Accordingly, Petitioner's request for an evidentiary hearing should be denied.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of April, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE